**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| PETER THOMPSON, | CV-23-80-BU-BMM |
| Plaintiff, | |
| v. | ORDER |
| US BANK NATIONAL ASSOCIATION; ANDY CECERE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JASON J. HENDERSON; HALLIDAY, WATKINS, & MANN P.C.; BENJAMIN J. MANN; AUCTION.COM, LLC; JASON ALLNUT; ALI HARALSON; and GEORGE LANE, | |
| Defendants. | |

**INTRODUCTION**

Defendants U.S. Bank, Andrew Cecere (named as Andy Cecere in the complaint), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "U.S. Bank et al.), filed a motion to dismiss for failure to state a claim on December 1, 2023. (Doc. 14.) Defendants Jason J. Henderson, Halliday, Watkins & Mann, P.C., and Benjamin J. Mann ("Halliday et al.") filed a motion to dismiss for failure to state a claim on December 4, 2023 (Doc. 17.) Defendant Auction.com

LLC ("Auction.com") filed a motion to dismiss for failure to state a claim on January 9, 2024. (Doc. 26.)

Plaintiff Peter Thompson ("Thompson") appears to oppose these motions. Thompson filed a motion for recusal on February 13, 2024. (Doc. 29.) Thompson filed additionally a motion for an extension to file an amended complaint on February 15, 2024. (Doc. 31.) U.S. Bank et al. and Auction.com oppose Thompson's motion for an extension. (Doc. 34.) The Court conducted a motions' hearing on March 14, 2024. (Doc. 41.) Thompson failed to appear at the March 14, 2024 motions hearing.

Thompson filed a motion for leave to file an amended complaint on March 14, 2024. (Doc. 42.) Thompson subsequently filed an amended complaint, without leave of the Court, on March 19, 2024. (Doc. 43.). Defendants U.S. Bank et al. and Auction.com filed a motion to strike Thompson's amended complaint on March 26, 2024. (Doc. 44.) Defendants Halliday et al. filed a motion to strike Thompson's first amended complaint on March 27, 2024. (Doc. 46.)

## FACTUAL AND LEGAL BACKGROUND

This case concerns a loan acquired by Thompson to fund a construction project at 2988 Blackbird Drive, Bozeman, Montana (the "Property"). Thompson alleges that U.S. Bank assisted him in taking out a mortgage against his previously owned property at 665 Sycamore Lane, Bozeman, Montana. (Doc. 1 at 8.)

Thompson contends that U.S. Bank approved Thompson's application for a 30-year fixed rate new construction loan. (*Id.* at 9.) Thompson claims that U.S. Bank then presented him a loan package that provided for a variable interest rate instead of a fixed interest rate during the construction period on the Property. (*Id.* at 10.) Thompson asserts that he relied on the advice of U.S. Bank that the loan could be converted to a fixed rate loan at the end of the variable rate construction period. (*Id.* at 13.)

Thompson requests that the Court declare the loan agreement signed by Thompson on February 27, 2008, does not represent a valid contract because no meeting of the minds occurred ("Claim 1"). (*Id.*) Thompson asserts further that U.S. Bank systematically deceived him into agreeing to a variable rate interest loan that would result in additional fees once he attempted to convert the loan into a fixed rate loan. (*Id.* at 14.) Thompson claims that this conduct amounts to an unfair and deceptive trade practice ("Claim 2"). (*Id.* at 15.)

Thompson claims that U.S. Bank knowingly conveyed fraudulent instruments to Defendant MERS ("Claim 3"). (*Id.*) Thompson relatedly claims that Halliday et al. knowingly threatened non-judicial foreclosure without a valid contract, and that Halliday et al. breached an oral agreement made in January 2023 with Thompson to provide Thompson with copies of all loan application documents that were signed

before Thompson closed on the Property on February 27, 2008 ("Claim 4"). (*Id.* at 17-18.)

Thompson further alleges additionally that Halliday et al. and Auction.com slandered the Property by describing it as being comparable with 0.15 acre lots with 1,500-2,000 SF buildings when the property was listed for sale on Auction.com ("Claim 5"). (*Id.* at 19.) Thompson asserts that the 2988 Blackbird Drive lot contains 0.24 acres, and that Thompson had built 6,820 SF of interior space. (*Id.* at 20.) Finally, Thompson claims additionally that MERS and Halliday et al. violated statutory duties of fairness and honesty when they failed to provide Thompson with a reinstatement amount with a proposed fixed interest rate and a current payoff amount ("Claim 6"). (*Id.* at 22.)

The Court granted previously Thompson's pro se motion for an extension to file an amended complaint. (Doc. 24.) The Court gave Thompson until February 15, 2024 to file an amended complaint or to file answers to Defendants' motions to dismiss. (*Id.*) It appears that Thompson failed to file either an amended complaint or answers to Defendants' motions to dismiss by the Court's February 15, 2024 deadline. Loc. R. 7.1(d)(1)(B)(ii) provides that a failure to file a response brief to an opposing party's motion may be deemed to be an admission that the motion is well taken. The Court construes Thompson's failure to file briefs in opposition to Defendants' motion to dismiss as evidence of those motions being well taken.

## LEGAL STANDARD

A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) proves proper where the complaint either 1) fails to allege a cognizable legal theory; or 2) fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). When considering a motion pursuant to Rule 12(b)(6), a court must accept as true all factual allegations set forth in the complaint and draw all inferences from the allegations in the light most favorable to the nonmoving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) Federal courts are directed to construe liberally inartful pleadings by parties appearing pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A court considering a motion pursuant to Rule 12(b)(6) may consider the body of the complaint alongside matters of public records and facts susceptible to judicial notice. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Matters of public record include pleadings, orders, and other papers on file in another action pending in the Court; records and reports of administrative bodies; or the legislative history of laws, rules, or ordinances. *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). The defense of res judicata can be raised when "all relevant facts are shown by the court's own records, of which the court takes notice." *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992).

Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A plaintiff's failure to meet Fed. R. Civ. P. 9's heightened pleading requirements may provide the basis for granting a Rule 12(b)(6) motion. *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031-32 (9th Cir. 2016).

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course no later than 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after the service of the responsive pleading or motion, whichever occurs first. Leave to amend a pleading should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have consistently recognized that a plaintiff seeking leave to amend must demonstrate sufficient grounds for amendment. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330-31 (5th Cir. 2003); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2nd Cir. 2014). Granting or denying leave to amend rests in the sound discretion of the district court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).

A federal judge must recuse themself when the judge's "impartiality might reasonably be questioned" or if the judge has a personal bias "or prejudice

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)(b)(1); 28 U.S.C. § 144.

## DISCUSSION

The Court will discuss first whether it will consider Thompson's amended complaints. The Court will then examine Defendants' motions to dismiss. The Court will then consider Thompson's motion for recusal. The Court lastly will assess Thompson's motion for an extension to file an amended complaint and motion for leave to file an amended complaint, alongside Defendants' motions to strike.

### I.    Whether the Court will consider Thompson's amended complaints.

Thompson filed an amended complaint in this action without the leave of the Court on March 19, 2024. (Doc. 43.) Fed. R. Civ. P. 15(a)(1)(A) permits a party to amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading or a motion under Fed. R. Civ. P. 12, whichever occurs first. Outside of the 21-day window, a party may only amend its pleadings with the opposing party's consent or if leave is granted by the Court. Fed. R. Civ. P. 15(a)(2).

Defendants oppose Thompson filing his amended pleading. (Doc. 44); (Doc. 46.) The Court has not granted Thompson leave to file an amended pleading in this action. The Court previously granted Thompson's motion for an extension and gave Thompson until February 15, 2024, to file an amended complaint. (Doc. 24.) The

Court recognizes that Thompson failed to file an amended complaint by the February 15, 2024 deadline, and instead filed a motion for an extension on February 15, 2024 (Doc. 31), which the Court has not granted.

The Court will not consider Thompson's amended complaint, which encompasses 105 pages and names approximately 59 defendants. (*See* Doc. 43.) The Court instead will consider Thompson's claims in his original complaint in this action, Doc. 1.

## II.   Defendants' motions to dismiss.

Defendants U.S. Bank et al. argues that Thompson's claims are barred by res judicata stemming from the case *Thompson v Sullivan et al.*, Cause No. 2:18-cv-75-BMM ("*Thompson I*"). (*See* Doc. 15 at 14-22). Defendants Halliday et al. assert that Thompson fails to assert a claim for relief. (*See* Doc. 18 at 5-9). Defendant Auction.com claims that Thompson fails to state a claim for relief. (*See* Doc. 27 at 5-7). The Court will independently examine these arguments.

### a.   Whether res judicata bars Thompson's claims 1, 2 and 3 against U.S. Bank et al.

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). For res judicata to apply, the following elements must be proven: "1) an identity of claims, 2) a final judgment on

the merits, and 3) privity between parties." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

Courts in the District of Montana have recognized that "[w]hether federal or state [] preclusion law applies to the judgement of a federal court exercising supplemental jurisdiction over a state law claim [remains] unsettled." *Lyons v. Warner*, No. CV-23-40-H-BMM, 2023 WL 7301237, at *3 (D. Mont. Nov. 6, 2023) (quoting *Valladoid v. Dragan*, No.: 22cv71-JO-BGS, 2022 WL 3447512, 2022 U.S. Dist. LEXIS 147684 (S.D. Cal. August 16, 2021.)) Some courts have concluded that federal res judicata law applies to state law claims over which a federal court exercised supplemental jurisdiction. *See, e.g., Robinson v. City of Phoenix*, No. CV10-1044 PHX DGC, 2010 WL 4054167, 2010 U.S. Dist. LEXIS 113401 (D. Ariz. October 15, 2010). Analysis under either Montana or federal res judicata law results in the same conclusion in this action.

### i. Identity of claims.

In assessing whether the present action concerns the same claims as a prior action, the Ninth Circuit considers the following factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters*, 399 F.3d at 1052 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

The Court recognizes that Thompson asserted claims against U.S. Bank in *Thompson I*. (*See* Doc. 257.) Thompson asserted claims of breach of fiduciary duty, fraud, and violation of the covenant of good faith and fair dealing in *Thompson I*. (*Id.* at 35, 38, 39, 41.) Thompson's allegations in *Thompson I* against U.S. Bank appear to stem from the same land and construction loan package at issue in this action. (*See id.* at 35.) Thompson similarly appears to have alleged in *Thompson I* that he believed he was receiving a fixed-rate loan, not a variable-rate loan, and that he was fraudulently misled into signing a different agreement. (*Id.* at 35.)

The Court determines that Thompson's claims in this action and in *Thompson I* arise from the same transactional nucleus of operative fact. Claim I in this action concerns the validity of the loan covering the Property, a claim also at issue in *Thompson I*. Claim 2 in this action concerns U.S. Bank allegedly tricking Thompson into signing documents to which he did not agree, a claim similarly at issue in *Thompson I*. Claim 3 concerns the conveyance of a fraudulent financial instrument by U.S. Bank to MERS. (Doc. 1 at 14.) Thompson similarly accused U.S. Bank of perpetrating a wide-ranging civil conspiracy to "defraud Thompson of fair and honest services," which appear to include the transmission of mutually agreed upon loan documents. *Thompson I* (Doc. 257 at 38.) The Court determines that a sufficient

identity of claims exists between the claims at issue in *Thompson I* and Claims 1, 2 and 3 in this action. The same property is at issue in both *Thompson I* and this action, and the claims against U.S. Bank et al. concern the same loan granted to Thompson, signed on the same date, and secured by the same collateral. This element of res judicata is established.

### ii. Final judgment on the merits.

A dismissal for failure to state a claim under Rule 12(b)(6) represents a "judgment on the merits" to which res judicata applies. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981). The granting of summary judgment applies a res judicata effect to the claims alleged in the complaint and to any other claim that could have been asserted based on the facts presented. *Id.* at 398; *see also First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1129 (9th Cir. 2000). The Court dismissed all claims against all defendants, including U.S. Bank, in *Thompson I* on March 15, 2021. *Thompson I* (Doc. 272.) This element of res judicata has been fulfilled.

### iii. Privity between parties.

"'Privity' . . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir.1977)).

U.S. Bank is a party in both *Thompson I* and in this action. Accordingly, privity is fulfilled with respect to U.S. Bank. Andy Cecere ("Cecere") does not appear to be named as a defendant in *Thompson I*. Cecere is named in this action as the Chairman, President, and CEO of U.S. Bank National Association. (Doc. 1 at 2.) Cecere's interests in this action stem not from individual allegations against him, but rather from allegations against U.S. Bank. Cecere stands in privity with U.S. Bank for the purpose of *Thompson I*, as Cecere and U.S. Bank represent the same interest: the interest of the buy-build loan granted to Thompson for the Property.

MERS similarly stands in privity to U.S. Bank in *Thompson I*. Thompson asserts that MERS received the allegedly fraudulent mortgage documents from U.S. Bank. (Doc. 1 at 15.) Thompson claims additionally that MERS violated the statutory duties of honesty and fair dealing when it failed to provide Thompson with a redemption and payoff amount. (*Id.* at 22.) Thompson similarly alleged in *Thompson I* that U.S. Bank "maliciously and intentionally trick[ed] Thompson into signing a variable rate loan instead [of a fixed rate loan.]" *Thompson I* (Doc. 257 at 35.) The receipt of the mortgage documents at issue in both *Thompson I* and in this action proves to be a continuation of the same conduct alleged to be unlawful. MERS stands in privity with U.S. Bank for purposes of *Thompson I* because both parties represent the same interest with respect to the mortgage for the Property at issue in both *Thompson I* and in this action. This element of res judicata has been fulfilled.

The Court determines that U.S. Bank et al. have demonstrated all the res judicata elements. Thompson's claims 1, 2, and 3 will be dismissed.

### b. Whether Thompson fails to state a claim for relief against Halliday et al.

Halliday et al. contend that Claims 4, 5, and 6 fail to state a claim upon which relief may be granted. (Doc. 18 at 3.) The Court agrees. Claim 4 appears to be a breach of an oral contract claim against Halliday et al. (Doc. 1 at 17-18.) Thompson has failed to provide sufficient evidence of a contract, written or otherwise, between himself and Halliday et al. (*See id.*) The Court further recognizes that Halliday et al. became involved with the Property when Defendant Jason Henderson was appointed successor trustee of Property, subject to Montana's Small Tract Financing Act, Mont. Code Ann. §§ 71–1–314, 315. Thompson fail to cite, and the Court fails to locate, any duties imposed by the Montana Small Tract Financing Act on the trustee to provide a borrower with documents not related to the foreclosed loan. (Doc. 18 at 6.) Claim 4 will be dismissed.

Claim 5 appears to be a slander of property claim against Defendants Halliday et al. and Auction.com. (Doc. 1 at 19.) Thompson fails to connect Defendants Halliday et al. to the Auction.com property listing. Claim 5 will be dismissed with respect to Halliday et al.

Thompson alleges that Halliday et al. violated statutory duties of fairness and honesty when they failed to provide Thompson with documents listing the loan

13

reinstatement amount with a proposed fixed interest rate and a current payoff amount in Claim 6. (Doc. 1 at 22.) Halliday et al. contend, and Thompson fails to dispute, that Defendant Jason Henderson in fact did provide Thompson with a letter containing details about loan reinstatement and loan payoff amounts. (Doc. 18 at 9) (citing Doc. 9-2.) The Court recognizes that Defendant Jason Henderson sent Thompson a letter dated June 30, 2023, which provides in pertinent part "[i]f you would like a reinstatement or payoff amount, please contact my office . . . and we will provide the same to you." (Doc. 9-2 at 2.) The Court determines that, even if Thompson sufficiently alleged a cause of action for Claim 6, Halliday et al. have already provided Thompson with the relief sought. Claim 6 will be dismissed.

Thompson fails to state a claim with respect to Claims 4, 5, and 6 against Halliday et al. Thompson's claims will be dismissed.

### c. Whether Thompson fails to state a claim for relief against Auction.com

Thompson appears to allege Claim 5 against Auction.com (Doc. 1 at 19.) Thompson appears to claim that Auction.com slandered the Property when Auction.com listed comparable properties has having 0.15 acre lots and 1,500-2,000 SF buildings. (*Id.*) Thompson claims that the Property contains 0.24 acres and a building or buildings with over 6,800 SF of space. (*Id.* at 20.)

Slander of title occurs where an individual "maliciously publishes false matter which brings in question or disparages the title to property, thereby causing special

14

damage to the owner." *Pryor v. Babcock Bldg. Corp.* 45 P.3d 35, 37 (Mont. 2002) (citations and quotations omitted). Thompson's Claim 5 fails to allege Auction.com acted maliciously. (*See* Doc. 1 at 19-22.) Thompson claims Auction.com removed the listing of the Property from its website after being alerted to the property dimension inaccuracies by Thompson. (*Id.* at 20.) The removal of the Property listing by Auction.com after being alerted to inaccuracies does not rise to the level of malicious conduct required to assert a slander of title claim under Montana law.

Thompson bases his contentions concerning the malicious nature of Auction.com's behavior on the alleged existence of a conspiracy where Auction.com lists properties with incorrect or misleading market analyses so that financial institutions may acquire real property under fair market value. (*See id.*) Thompson's wide ranging fraud claim, as the basis for the mental state of malice, fails to meet the heightened pleading standard imposed by Fed. R. Civ. P. 9(b), which requires a party to state with particularity the circumstances constituting fraud. Thompson fails to note particular facts or circumstances to support his claim of fraud that evidences malice on the part of Auction.com. (*See generally* Doc. 1 at 19-22.) The failure to meet the heightened pleading standard for a claim of fraud may provide the basis for granting a motion to dismiss. *ESG Capital Partners*, 828 F.3d at 1031-32. Thompson fails to assert a claim against Auction.com. Claim 5 will be dismissed.

**d.  Whether Thompson has asserted claims against the Defendants Jason Allnut, Ali Haralson and George Lane.**

Thompson's complaint (Doc. 1) appears not to state a claim against Defendants Jason Allnut, Ali Haralson and George Lane, even though those individuals are named in the complaint. (*Id.* at 6-7.) These defendants will be dismissed.

### III.   Thompson's motion for recusal.

Thompson alleges that the undersigned judge must recuse himself because U.S. Bank et al.'s res judicata defense turns on assessing the validity of *Thompson I.* (Doc. 30 at 9.) Defendants oppose Thompson's motion.

Thompson appears to misunderstand the res judicata analysis. Res judicata "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas,* 147 F.3d at 909. The res judicata analysis does not require the Court to reconsider, evaluate, substantiate or endorse the merits of a prior decision; rather, the analysis considers only whether a final judgment on the merits exists. *Headwaters*, 399 F.3d at 1052. The Court declines to recuse itself based on the res judicata defense asserted by U.S. Bank et al.

Thompson relatedly argues that the undersigned judge is a party to these proceedings, and, therefore, should recuse himself pursuant to 28 U.S.C. § 455(b)(5)(i). Thompson does not name the undersigned as a defendant in his

complaint (Doc. 1), and the Court declines to consider Thompson's amended complaints that were filed outside of the time given by Fed. R. Civ. P. 15 and without the leave of the Court. The undersigned is not a named defendant in this action. The Court declines to recuse itself based on this argument.

Thompson lastly asserts that the undersigned exhibits bias or prejudice against him and should recuse himself pursuant to 28 U.S.C. § 144. (Doc. 30 at 18.) Thompson fails to demonstrate that the undersigned judge exhibits bias or prejudice against him outside of conclusory, self-serving hearsay statements. (*See id.* at 30.) The Court has given Thompson considerable leeway in this action, including more than 30 days to file an amended complaint. (*See* Doc. 24.) The Court declines to recuse itself pursuant to 28 U.S.C. § 144. Thompson's motion for recusal will be denied.

### IV.   Thompson's motion for to an extension to file an amended complaint and motions for leave to file an amended complaint.

The Court previously granted Thompson until February 15, 2024, to file an amended complaint or to respond to Defendants' motions to dismiss. (*See* Doc. 24.) Thompson failed to comply with the Court's deadline, and instead filed a motion for an extension on February 15, 2024. (Doc. 31.) Thompson then filed what he described as an incomplete amended complaint on February 16, 2024. (Doc. 32.) Thompson filed an additional motion to leave to file an amended complaint on

March 14, 2024, (Doc. 42.) Thompson then filed a pro se amended complaint, without the Court granting his motion for leave, on March 19, 2024. (Doc. 42.) Defendants filed motions to strike Thompson's amended complaint (Doc. 42) on March 26, 2024, and March 27, 2024. (Doc. 44); (Doc. 46.)

Thompson's amended complaints fail to comply with the time requirements for amending a pleading as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). Thompson filed this action on November 13, 2023. (Doc. 1.) Thompson's amended complaints were filed on February 16, 2024, and March 19, 2024, respectively, or outside the 21-day window provided by Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 15(a)(2) requires a party seeking to amend its pleading outside of the 21-day window to seek leave of a court. Courts are instructed to grant leave to amend freely when justice so requires. *Id.* The Court declines to grant leave to amend here. The Court previously granted Thompson's first motion for extension (Doc. 24) and provided Thompson with more than sufficient time to file an amended complaint or responses to Defendants' motions to dismiss. (*Id.*) The Court further recognizes the plethora of extensions granted to Thompson in *Thompson I*, as noted by Defendants. (*See* Doc. 34) ("Thompson sought **25** extensions of time to file responses to various motions, object to the magistrate judge's findings and recommendations, file an amended complaint, and file a notice of appeal")

(emphasis original.) The Court declines to grant Thompson's motions for leave to file amended complaints. The Court will strike Thompson's amended complaints.

## ORDER

Accordingly, **IT IS ORDERED:**

1.      U.S. Bank et al.'s motion to dismiss for failure to state a claim (Doc. 14) is **GRANTED**.

2.      Halliday et al.'s motion to dismiss for failure to state a claim (Doc. 17) is **GRANTED**.

3.      Auction.com's motion to dismiss for failure to state a claim (Doc. 26) is **GRANTED**.

4.      Thompson's pro se motion for recusal (Doc. 29) is **DENIED**.

5.      Thompson's pro se motion for extension (Doc. 31) is **DENIED**.

6.      Thompson's pro se motion for leave to file an amended complaint (Doc. 42) is **DENIED**.

7.      U.S. Bank et al. and Auction.com's motion to strike the pro se amended complaint (Doc. 44) is **GRANTED**. Thompson's pro se amended complaint (Doc. 43) is **STRUCK**.

8.      Halliday et al.'s motion to strike plaintiff's first amended complaint (Doc. 46) is **GRANTED**. Thompsons pro se amended complaint (Doc. 43) is **STRUCK**.

9.      The Clerk of Court is directed to enter judgment in favor of the

Defendants. The Clerk is then directed to close this case.

DATED this 9th day of April 2024.


_____

Brian Morris, Chief District Judge
United States District Court